■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN ORTIZ, Appellant. [633 NYS2d 961] —Judgments, Supreme Court, Bronx County (Frank Torres, J.), rendered on or about May 17, 1993, unanimously affirmed. Counsel's application to be relieved pursuant to *Anders v California* (386 US 738) and *People v Saunders* (52 AD2d 833) is denied. No opinion. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.

■ GRACECOR REALTY CO., INC., Appellant, v WILLIAM HARGROVE, Respondent. [634 NYS2d 1] —Order, Appellate Term, First Judicial Department (McCooe and Glen, JJ.; Parness, J. P., dissenting), entered April 1, 1994, affirming an order of Civil Court, New York County (Fern Fisher-Brandveen, J.), entered on or about September 16, 1991, which granted respondent-tenant's motion to dismiss petitioner-landlord's holdover proceeding for lack of subject matter jurisdiction, unanimously affirmed, without costs.

The subject building is admittedly a lodging house, and, as such, a class B multiple dwelling (*see, 2009-2011 Third Ave. Corp. v Fifth Ave. Community Ctr.,* 164 Misc 2d 257, 260 [Civ Ct, NY County, Evans, J.]) subject to rent stabilization (*see, Matter of Gottlieb v Mirabal,* 123 AD2d 574, 577, *lv denied* 69 NY2d 609). Because respondent's cubicle unit is not expressly excluded from coverage under the Emergency Tenant Protection Act, it was properly held to be a "housing accommodation" for rent stabilization purposes (*Matter of Ruskin v Miller,* 172 AD2d 164; *Ghelardi v Donnelly,* NYLJ, Apr. 21, 1993, at 22, col 6 [Civ Ct, NY County, Taylor, J.]). Multiple Dwelling Law § 66 which might appear to suggest a different result is not a rent regulation statute and is thus inapplicable on the issue of regulated status. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.